Terminal Equipment Corporation v. Commissioner.
Terminal Equipment Corp. v. Commissioner
Docket No. 50757.
United States Tax Court
T.C. Memo 1955-132; 1955 Tax Ct. Memo LEXIS 209; 14 T.C.M. (CCH) 493; T.C.M. (RIA) 55132; May 23, 1955
*209 Petitioner was engaged in the business of unloading ships at docks of the City of New York. It accrued and paid trucking charges of union loaders to move goods, which it unloaded from ships, over docks to motor trucks. It also made cash payments, called "gratuities", to some members of crews of ships for labor aboard ship preparatory to unloading cargoes. Petitioner also made payments to two individuals, under their threats of causing labor troubles, who pleaded guilty upon trial to obtaining money from petitioner by extortion. Held, that extortion payments are not deductible under section 23(a)(1)(A) of the 1939 Code, or under any other provisions; that the evidence establishes the amounts accrued in the taxable year for trucking expense; that trucking expense was an ordinary and necessary expense of petitioner; that petitioner had failed to prove that certain amounts were, in fact, accrued for trucking expense; and that petitioner has failed to prove that certain amounts were in fact accrued for the payment of so-called "gratuities" to members of ships' crews for their labor. Bradford S. Magill, Esq., 55 Broadway, New York, N. Y., for the petitioner. Robert J. Cowan, Esq., for *210 the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the fiscal year ended September 30, 1949, in the amount of $2,351.94. The questions to be decided are whether petitioner, in the taxable year, accrued trucking expenses totaling $10,243.60, or a lesser amount, and gratuities to members of ships' crews in the total amount of $1,950, which are deductible as ordinary and necessary business expenses under section 23(a)(u)(A) of the 1939 Code. Findings of Fact The stipulated facts are found as stipulated. The stipulation is incorporated herein by this reference. In the taxable year, petitioner was engaged in the business of unloading ships, or stevedoring, on docks of the City of New York under contracts with various persons and corporations. Petitioner kept its books and reported its income on an accrual basis. Petitioner filed its return for the taxable year with the Director for the second district of New York. In its return for the taxable year, petitioner reported a loss of $1,532.99. Petitioner reported, in its return, gross receipts, cost of services, and gross profit from operations in the amounts *211 of $134,803.20, $129,938.41, and $4,864.79, respectively. Among the costs of its services (or "cost of goods sold") petitioner included $10,243.60, which was described in the return as "trucking" expense. The respondent disallowed all of this deduction. In the statement attached to the deficiency notice, the Commissioner stated that the deduction was disallowed because it was held not to constitute ordinary and necessary business expense within the meaning of section 23(a) of the 1939 Code. The petitioner included among "other deductions allowed by law" a deduction of $2,375, which it described as "gratuities." Of this amount, the Commissioner allowed a deduction of $425, and he disallowed deduction of the balance, $1,950, holding that such sum did not constitute business expense. The petitioner is now, and has been, in liquidation. The petitioner's officers signed 11 checks, drawn on petitioner's bank account, bearing various dates from November 10, 1948 to and including September 14, 1949, in the aggregate amount of $2,375, of which checks totaling $1,475 were made payable to "cash", and checks totaling $900 were made payable to or were endorsed by individuals. The checks were drawn *212 at the request of the then president of the petitioner, Olson, who was discharged in January 1950. The officers of petitioner signed 31 checks drawn on petitioner's bank account, bearing various dates from October 29, 1948 to and including November 4, 1949, in the aggregate amount of $10,353.60. With respect to these checks, petitioner deducted $10,243.60 in its return for the taxable year; it did not deduct $110. Of these checks, 7 checks totaling $2,500, were made payable to "Union Loaders"; 1 was made payable to "cash", in the amount of $300; the payee of 1 check for $202.80 is not shown by the evidence; 11 checks aggregating $2,650.80 were made payable to several individuals whose names are of no consequence in this proceeding; 6 checks aggregating $2,000 were made payable to Louis Gaccione; and 5 checks aggregating $2,700 were made payable to Saro Mogavera, also known as S. Mojavaro and as Sam Mogoras. The petitioner, in the taxable year, entered into contracts with persons or firms or corporations who had cargoes on ships which landed at docks of the City of New York. The cargoes consisted chiefly of newsprint paper. Under the contracts, petitioner was employed to unload cargoes *213 out of ships onto the "string piece" or "apron" at the edge of the dock where a cargo was kept until it could be transported to and loaded onto motor trucks near the docks. The moving to and loading onto trucks could not be done by stevedores or long-shoremen; such labor was performed by union loaders who charged petitioner a separate charge. Petitioner's contract charges to its customers were fixed in amounts which covered the loading charges. Petitioner received bills, or vouchers, from union loaders for the tonnage which they moved to and loaded onto trucks. It was customary for petitioner to pay such bills by checks. Some of the 31 checks in the aggregate amount of $10,353.60, described above, constituted the payment of loaders' charges which were accrued by petitioner during the taxable year. The services of loaders were necessary and ordinary in the operation of petitioner's business, and such services were directly related to petitioner's performance of services under its contracts with the owners of cargoes. The petitioner incurred expenses for the services of loaders during the taxable year in the aggregate amount of $5,150.80, which were ordinary and necessary expenses of *214 petitioner's business. Petitioner's checks in the aggregate amount of $5,202.80, including $110, (out of $10,353.60) were not in payment of ordinary and necessary expenses of petitioner's business. Saro Mogavera, vice-president of Local 856, International Longshoreman's Association, and Louis Gaccione were indicted in the early part of 1953 by the Grand Jury of New York County on seven counts of extortion, for receiving payments of money under threats of labor trouble, two counts of which indictment specifically rested on a portion of the above-described payments to them by petitioner in the total amount of $4,700. To one count of the indictment, "to cover the indictment", both men pleaded guilty on October 13, 1953 (after the State of New York had rested its case), during the trial. Each was sentenced to penitentiary terms of from 2 1/2 to 6 years. Petitioner did not make any formal complaint during the taxable year to the properly constituted authorities to punish those committing the extortion; and petitioner did not seek any recourse in the civil courts to recover any of the funds which it paid under extortion. Opinion The petitioner has the burden of proving, under both questions, *215 that the expenses in dispute were accrued for ordinary and necessary business expenses. That question is a mixed question of fact and of law. The petitioner also has the burden or proving the amounts of the alleged business expenses. That question is a question of fact. The evidence establishes that in the taxable year the petitioner accrued $4,700 for payments to Louis Gaccione and Saro Mogavera and that checks totaling $4,700 were paid to Gaccione and Mogavera. Although the petitioner does not admit that any part of $4,700 represents payments made under extortion to either of the named individuals, it would appear from the indictments and the pleas of guilty of the two individuals that all or some part of the accrued $4,700 was paid under extortion to Gaccione and Mogavera upon their making threats of bringing about labor trouble. Under this question, the petitioner has the burden of proving that none of the sums which it accrued in the taxable year, aggregating $4,700, represented extortion payments, or, that all or some amount of the total accruals for payments to Gaccione and Mogavera were for trucking expenses and were not extortion payments. Under this question there is failure *216 of proof. Gaccione and Mogavera pleaded guilty to an indictment of extortion, i.e., for receiving money under threats of causing labor trouble, and 2 of the counts specifically rested on payments by petitioner to them. Petitioner was unable to prove that all or any part of the $4,700 which is in question constituted payment for trucking expenses, and that none of the sum was paid under extortion. * *217 *218 *219 *220 Footnotes
*. These paragraphs were changed by an Official Tax Court Order dated 9-6-55 and signed by Judge Harron.se Petitioner's burden of proof is exceedingly difficult under all of the circumstances. However, the petitioner did not, or could not, produce the purported trucking expense bills in payment of which the petitioner contends it accrued and paid the total sum of $4,700 to Gaccione and Mogavera for trucking expenses, and consequently petitioner was unable to rebut the inference to be drawn from the guilty pleas of the two named individuals that they received extortion payments from the petitioner as well as from others. Upon the record before us, there being failure of proof, we have no alternative to concluding that all of the petitioner's payments, namely $4,700, to Gaccione and Mogavera constituted extortion payments. * Deductions are permitted, in general, only because provision for them has been made in the Internal Revenue Code. All deductions are a matter of legislative grace. The provisions of section 23(a)(1)(A) of the Code, relating to ordinary and necessary business expenses, were not intended to and do not embrace payments made under threats which constitute extortion. Cf. . There is no provision in the 1939 Code which permits the deduction of extortion payments. In (May 18, 1955), this Court held that an extortion payment is not deductible under any provision of the Code. In this case, the payments totaling $4,700 to the extortioners, Gaccione and Mogavera, are not deductible. On the other hand, the evidence establishes that the charges of loaders for moving goods from docks to motor trucks was an ordinary and necessary expense of petitioner's business. Of the total amount which petitioner accrued in the taxable year, $10,353.60, petitioner did not deduct $110. Also, one check for $300, (in the list of checks involved under this issue) was made payable to "cash", and the payee of one check for $202.80 is not identified. Petitioner has been unable to establish that $502.80, the total of these two checks, was accrued for trucking expense. Attributing $110, which was not deducted, to these two unidentified items, there is a balance of $392.80 which is not shown to be for trucking expense, and deduction thereof is disallowed for failure of proof. Accordingly, of the $10,243.60 involved under this issue, $5,092.80 is not deductible. The balance which remains for consideration is $5,150.80. We are satisfied from the evidence that petitioner accrued in the taxable year for trucking expense $5,150.80, and hold that petitioner is entitled to a deduction of that amount under section 23(a)(1)(A). The second question is whether alleged "gratuities" in the amount of $1,950 are deductible under section 23(a)(1)(A). Petitioner accrued as such expense $2,375 of which respondent allowed deduction of $425. The evidence shows that it was customary for petitioner to make cash payments to some of the members of a ship's crew for performing certain labor, such as uncovering hatches, before the docking of a ship. These payments were made as a matter of convenience to expedite the work of unloading cargoes after a ship was docked. The work done by members of the crew eliminated work by gangs of longshoremen which was paid for at higher rates of pay. Pet&tioner effected some saving of money by obtaining services of crew members for cash "gratuities." The respondent has taken the position that payments of this type are deductible business expense as is shown by his allowance of a deduction of $425. Accordingly, under this issue the only question to be decided is whether the amount, $1,950, which petitioner claims as a business expense deduction, or any part thereof, was accrued in the taxable year for so-called "gratuities" to some of the members of crews of ships. The petitioner was unable to prove that all or part of $1,950 was accrued for "gratuities" of the type described above. All of the checks for the amount in dispute were made payable to "cash" except some checks in the amount of $900. The parties have stipulated that two individuals, Mercates and George Campbell, received $600, i.e., $450 and $150, respectively; and that checks for $150, each, were made payable to two individuals, Raolsev and George Campbell. But the evidence does not establish who Mercates, Raolsev, and Campbell are. We may not, and do not, assume that they were members of the crew of a ship who performed labor for petitioner for which labor the checks were in payment. With respect to the checks which were made payable to "cash", totaling $1,475, there is no evidence that such amount was paid for the services of any members of the crew of any ship. There is testimony that the person who was petitioner's president during the taxable year, Olson, caused all of the checks involved to be drawn, and that the checks were given to him, and that he was discharged. We do not know what he did with the checks. The checks are not in evidence; the record with respect to them consists of a stipulation of the parties. We do not know who endorsed the checks. Again, we may not, and do not, assume that the checks or the proceeds of the checks were given to members of a ship's crew who performed labor for petitioner. The claimed deduction of $1,950 is disallowed for failure of proof. Decision will be entered under Rule 50. ↩